UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EDDIE CARGILE,

    Petitioner,

v.                                            Case No. 8:05-cv-919-T-23MSS

JAMES V. CROSBY, JR.,

    Respondent.
                                         /

## **O R D E R**

    Cargile petitions for writ of habeas corpus (Doc. 1). He must provide the date on which he filed his original state Rule 3.850 motion for post-conviction relief. That date is required to determine whether the petition is timely. *See Jackson v. Secretary of Department of Corrections*, 292 F.3d 1347, 1349 (11th Cir. 2002)(district court possesses discretion to raise the issue of the timeliness of a § 2254 petition for habeas corpus *sua sponte*).

    Accordingly, Cargile must file a notice disclosing the date he filed his state Rule 3.850 motion for post-conviction relief. The notice must be filed on or before **Tuesday, June 21, 2005.** The failure to timely do so will result in the dismissal of this action.[1]

    ORDERED in Tampa, Florida, on June 1, 2005.

*/s/ Steven D. Merryday*
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

SA/ro

---

[1] Cragile should note that, if he fails to respond to this order and this case is dismissed, any subsequently-filed habeas petition challenging the same conviction may be barred by the one-year limitation period for filing a habeas petition in the federal courts. *See* 28 U.S.C. § 2244(d)(1). Although the one-year period of limitation is tolled during the time that a properly filed application for state post-conviction relief is pending, *see Artuz v. Bennett*, 531 U.S. 4, 8-9 (2000) (defining when an application is "properly filed" under 28 U.S.C. § 2244(d)(2)), the time during which a federal habeas petition is pending does not toll the one-year limitation period. *See Duncan v. Walker*, 533 U.S. 167 (2001) (holding that an application for federal habeas corpus review <u>does</u> <u>not</u> toll the one-year limitation period under § 2244(d)(2)).