UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EDDIE CARGILE,

   Petitioner,

v.                                          Case No. 8:05-cv-919-T-23MSS

SECRETARY, Department of Corrections,

   Respondent.
_____/

## **O R D E R**

Cargile petitions for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) and challenges his conviction for four counts of sexual battery on a child under twelve years of age and one count of lewd and lascivious act in the presence of a child, for which convictions Cargile serves four life sentences. Numerous exhibits ("Respondent's Exhibit __") support the response (Doc. 8). The respondent asserts no challenge to the petition's timeliness.

## **FACTS**[1]

Cargile started abusing his daughter when she was eight. Over the next few years Cargile would penetrate her vagina with his finger and penis, perform oral sex on her and force her to perform oral sex on him, and masturbate in front of her. The victim testified that Cargile directed her younger brother to act as a "lookout" in case Cargile's wife returned home. Cargile admitted to the police that he had a sexual relationship

---

[1] This summary of the facts derives from Cargile's brief on direct appeal (Respondent's Exhibit 1).

with his daughter over the past year or two. The jury heard a tape recording of Cargile's confession.

## **PROCEDURALLY DEFICIENT GROUNDS**

Cargile began abusing the victim when they lived in Polk County and, based on Cargile's confession, the abuse continued after moving to Hillsborough County. Cargile was arrested approximately a year later. The victim testified that the events occurred in Polk County. Cargile asserts three claims based on the prosecution's failure to prove that the events occurred in Hillsborough County, the county of prosecution.

In ground one Cargile complains that state law precluded his challenging the conviction in a petition for the writ of habeas corpus. After unsuccessfully challenging his conviction in both a direct appeal and a Rule 3.850 motion for post-conviction relief, Cargile petitioned for the writ of habeas corpus in both the Florida supreme court and the Second District Court of Appeal. Both courts rejected the petition as unauthorized (Respondent's Exhibits 20 and 22) because Cargile was attempting to raise a claim that he could have raised earlier.[2] Cargile's claim in ground one of his federal petition is that the Florida courts unconstitutionally suspended the right to petition for the writ of habeas corpus. The record supports the respondent's argument that Cargile never presented this claim to the state courts.

In ground two Cargile complains that the prosecution failed to prove that the events occurred in Hillsborough County. And in ground four (part one) Cargile complains that trial counsel was ineffective for not moving for a judgment of acquittal

---

[2] Each petition challenged the conviction based on Cargile's contention that the prosecution failed to prove that the events occurred in Hillsborough County.

- 2 -

because the prosecution failed to prove that the events occurred exclusively in Hillsborough County. The record supports the respondent's argument that Cargile never presented either claim on direct appeal or in his Rule 3.850 motion for post-conviction relief.

A petitioner must present each claim to the state courts before raising the claim in federal court. "[E]xhaustion of state remedies requires that petitioners 'fairly presen[t]' federal claims to the state courts in order to give the State the 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." Duncan v. Henry, 513 U.S. 364, 365 (1995), quoting Picard v. Connor, 404 U.S. 270, 275 (1971). Accord Rose v. Lundy, 455 U.S. 509, 518-19 (1982) ("A rigorously enforced total exhaustion rule will encourage state prisoners to seek full relief first from the state courts, thus giving those courts the first opportunity to review all claims of constitutional error."), and Upshaw v. Singletary, 70 F.3d 576, 578 (11th Cir. 1995) ("[T]he applicant must have fairly apprised the highest court of his state with the appropriate jurisdiction of the federal rights which allegedly were violated.").

A petitioner must present his claims to the state courts in the procedurally correct manner. Upshaw v. Singletary, 70 F.3d 576, 579 (11th Cir. 1995). Cargile should have raised on direct appeal his claim of trial court error alleged in ground two. Cargile should have raised in his Rule 3.850 motion his claim of ineffective assistance of trial counsel alleged in ground four (part one).

These grounds are procedurally defaulted because state law bars Cargile from returning to state court to present these claims.

> [W]hen it is obvious that the unexhausted claims would be procedurally barred in state court due to a state-law procedural default, we can forego the needless "judicial ping-pong" and just treat those claims now barred by state law as no basis for federal habeas relief. . . . Federal courts may apply state rules about procedural bars to conclude that further attempts at exhaustion would be futile.

Snowden v. Singletary, 135 F.3d 732, 736-37 (11th Cir.), cert. denied, 525 U.S. 963 (1998). Cargile recognizes in his reply (Doc. 11) that ground one and two are procedurally defaulted.

Because Cargile procedurally defaulted grounds one, two, and four (part one), review is foreclosed unless Cargile can satisfy one of two tests. To overcome procedural default, Cargile must establish either (1) "cause for the default and prejudice attributable thereto" or (2) "that failure to consider [his defaulted] claim will result in a fundamental miscarriage of justice." Harris v. Reed, 489 U.S. 255, 262 (1989).

To demonstrate "cause" for his procedural default, Cargile must justify his failure to comply with Florida's procedural rules. In general, "the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded . . . efforts to comply with the state procedural rules." Murray v. Carrier, 477 U.S. 478, 488 (1986). See Marek v. Singletary, 62 F.3d 1295, 1302 (11th Cir. 1995). Even if he shows cause for his procedural default, Cargile must show prejudice arising from the alleged constitutional error. A petitioner must show that he suffered actual prejudice, "not merely that the errors of the trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." United States v. Frady, 456 U.S. 152, 170 (1982) (emphasis in original).

- 4 -

Accord Hollis v. Davis, 941 F.2d 1471, 1480 (11th Cir. 1991). In essence, to show actual prejudice, Cargile must demonstrate that the alleged errors so infected the trial that his resulting conviction violates due process. Cargile fails to meet his burden.

As an alternative to showing "cause and prejudice," Cargile may show that dismissal of his procedurally defaulted grounds will result in a "fundamental miscarriage of justice," an especial difficulty because Cargile must demonstrate "actual innocence" of the crime of conviction. See Smith v. Murray, 477 U.S. 527, 537 (1986) (citing Murray v. Carrier, 477 U.S. at 496). See also Engle v. Isacc, 456 U.S. 107, 134-35 (1982), and Ward v. Cain, 53 F.3d 106, 108 (5th Cir. 1995) (denying certificate of probable cause) (petitioner must show "as a factual matter that he did not commit the crime of conviction."). Cargile's confession precludes a claim of actual innocence.

Cargile meets neither the "cause and prejudice" nor the "fundamental miscarriage of justice" exception to procedural default. Consequently, grounds one, two, and four (part one) are procedurally barred from review on the merits.

In ground three Cargile alleges that the trial court erred by permitting a nurse's testimony that failed to qualify under the "medical diagnosis" exception to the hearsay rule. Before conducting the "forensic examination" the nurse practitioner "obtained a [medical] history pertinent to the exam" from the eleven year old victim (Respondent's Exhibit 23, vol. II at 220-22).[3] The only issue Cargile presents in ground three of his

---

[3] The nurse testified to the following (Respondent's Exhibit 23, vol. II at 221-22):

I asked what had happened, basically. And she stated that he put his thing in me, in my private. I asked how many times this occurred, she responded once a week or so. I asked when this started, at what age, and she responded eight or nine. I asked if it hurt, she said yes. I asked if anyone had ever seen this happen, she replied only my brother.

(continued...)

federal petition is whether the trial court violated the state's rules of evidence. Federal habeas corpus relief is generally not available for an error of state law. Pulley v. Harris, 465 U.S. 37 (1984); Wainwright v. Goode, 464 U.S. 78 (1983). See also Estelle v. McGuire, 502 U.S. 62, 75 (1991) ("Nor do our habeas powers allow us to reverse [a] conviction based on a belief that the trial judge incorrectly interpreted" the state's evidence rules.). Consequently, Cargile presents no federal question for review. Only ground four (part two) is reviewable on the merits.

## **STANDARD OF REVIEW**

Because this action commenced after April 24, 1996, Section 2254(d), as amended by the Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), governs this proceeding. Wilcox v. Florida Dep't of Corrections, 158 F.3d 1209, 1210 (11th Cir. 1998), cert. denied, 531 U.S. 840 (2000). Section 2254(d), which creates a highly deferential standard for federal court review of a state court adjudication, states in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

---

[3](...continued)
. . .

[T]he acts that were described by her were . . . vaginal-penal contact, vaginal-digital contact, oral copulation of the genitals, both victim by assailant and assailant by victim, masturbation of assailant by victim and ejaculation.

- 6 -

> (2) resulted in a decision that was based on an
> unreasonable determination of the facts in light of the
> evidence presented in the State court proceeding.

In <u>Williams v. Taylor</u>, 529 U.S. 362, 412-13 (2000), the Supreme Court interpreted this deferential standard:

> In sum, § 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court. Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied--the state-court adjudication resulted in a decision that (1) "was contrary to . . . clearly established Federal Law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

"The focus . . . is on whether the state court's application of clearly established federal law is objectively unreasonable, . . . an unreasonable application is different from an incorrect one." <u>Bell v. Cone</u>, 535 U.S. 685, 694 (2002); <u>Brown v. Head</u>, 272 F.3d 1308, 1313 (11th Cir. 2001) ("It is the objective reasonableness, not the correctness <u>per se</u>, of the state court decision that we are to decide.").

The state appellate court affirmed (Respondent's Exhibit 3) Cargile's conviction and sentence on direct appeal in a <u>per curiam</u> decision without a written opinion, and likewise affirmed (Respondent's Exhibit 15) the denial of his subsequent Rule 3.850 motion for post-conviction relief. The state appellate court's <u>per curiam</u> affirmances warrant deference under Section 2254(d)(1) because "the summary nature of a state

- 7 -

court's decision does not lessen the deference that it is due." Wright v. Moore, 278 F.3d 1245, 1254 (11th Cir.), reh'g and reh'g en banc denied, 278 F.3d 1245 (2002), cert. denied sub nom Wright v. Crosby, 538 U.S. 906 (2003).

Cargile bears the burden of overcoming a state court factual determination by clear and convincing evidence. "[A] determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). This presumption of correctness applies only to a finding of fact, not a mixed determination of law and fact. Parker v. Head, 244 F.3d 831, 836 (11th Cir.), cert. denied, 534 U.S. 1046 (2001). Consequently, this court must defer to the finding of fact in the state court's rejection of Cargile's post-conviction claim of ineffective assistance of counsel (Order Denying Motion for Post-Conviction Relief, Respondent's Exhibit 12).

## **INEFFECTIVE ASSISTANCE OF COUNSEL**

Cargile alleges in ground four (part two) that trial counsel was ineffective for failing to have Cargile fully examined by a mental health expert. "[T]he cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." Waters v. Thomas, 46 F.3d 1506, 1511 (11th Cir. 1995) (en banc) (quoting Rogers v. Zant, 13 F.3d 384, 386 (11th Cir. 1994)). Strickland v. Washington, 466 U.S. 668 (1984), governs an ineffective assistance of counsel claim:

> The law regarding ineffective assistance of counsel claims is well settled and well documented. In Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the Supreme Court set forth a two-part test for analyzing ineffective assistance of counsel claims. According to Strickland, first, the defendant must show that counsel's performance was

> deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Strickland, 466 U.S. at 687, 104 S.Ct. 2052.

Sims v. Singletary, 155 F.3d 1297, 1305 (11th Cir. 1998).

Strickland requires proof of both deficient performance and consequent prejudice. Strickland v. Washington, 466 U.S. at 697 ("There is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one."); Sims v. Singletary, 155 F.3d at 1305 ("When applying Strickland, we are free to dispose of ineffectiveness claims on either of its two grounds."). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland v. Washington, 466 U.S. at 690. "[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Strickland v. Washington, 466 U.S. at 690. Strickland requires that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Strickland v. Washington, 466 U.S. at 690.

Because "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment," Cargile must demonstrate that error by counsel prejudiced the defense. Strickland v. Washington, 466 U.S. at 691-92. To meet this burden, Cargile must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the

- 9 -

proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland v. Washington, 466 U.S. at 694.

Strickland cautions that "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." Strickland v. Washington, 466 U.S. at 690-91. Cargile cannot meet his burden merely by showing that the avenue chosen by counsel proved unsuccessful:

> The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. . . . We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

White v. Singletary, 972 F.2d 1218, 1220-21 (11th Cir. 1992). Accord Chandler v. United States, 218 F.3d 1305, 1313 (11th Cir. 2000) ("To state the obvious: the trial lawyers, in every case, could have done something more or something different. So, omissions are inevitable. . . . [T]he issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.' ") (en banc) (quoting Burger v. Kemp, 483 U.S. 776, 794 (1987)). See also Jones v. Barnes, 463 U.S. 745, 751 (1983) (counsel has no duty to raise a frivolous claim).

Cargile must prove that the state court's decision was "(1) . . . contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States or (2) . . . based on an unreasonable

- 10 -

determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

The state court denied the claim of ineffective assistance of counsel as follows (Respondent's Exhibit 12 at 196-97):

> Defendant claims ineffective assistance of counsel. When ineffective assistance is alleged, the burden is on the person seeking collateral relief to specifically allege the grounds for relief and to establish whether the grounds resulted in prejudice. Effective assistance of counsel does not mean that a defendant must be afforded errorless counsel or that future developments in law must be anticipated. Meeks v. State, 382 So. 2d 673 (Fla. 1980). In Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the U.S. Supreme Court provided the following standard for determining ineffective assistance of counsel:
>
>> The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction . . . has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing the errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable . . . . The proper standard for attorney performance is of reasonably effective assistance.
>
> 466 U.S. at 686-687. In Downs v. State, 453 So. 2d 1102 (Fla. 1984), the Florida Supreme Court stated that the defendant must affirmatively prove prejudice. The test for prejudice is:
>
>> That there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.
>
> Strickland, 466 U.S. at 694.

- 11 -

Because the state court correctly recognized that Strickland governs a claim of ineffective assistance of counsel, Cargile cannot meet the "contrary to" test in Section 2254(d)(1). Cargile instead must show that the state court unreasonably applied Strickland or unreasonably determined the facts.

Ground four (part two) alleges that trial counsel was ineffective for failing to have Cargile examined by a mental health expert. The state court conducted an evidentiary hearing and rejected the claim as follows (Respondent's Exhibit 12 at 197-98):

> In ground 10, Defendant claims ineffective assistance of counsel because counsel failed to pursue a medical examination of the Defendant. Specifically, Defendant alleges that he was mentally incompetent at the time of trial and he informed his attorney of this fact. However, contrary to Defendant's assertions, trial counsel did investigate and explore an insanity defense, as well as the Defendant's competency to stand trial.
>
> During the September 5, 2002, hearing, Melody Dietsch, the Defendant's trial counsel, testified that she spoke with the Defendant a minimum of seven or eight times during the course of her four and one half months representation of the Defendant. Ms. Dietsch testified that the Defendant did mention a possibility of an insanity defense during at least one of the meetings. Ms. Dietsch testified that in response to these statements regarding the Defendant's sanity she requested that a social worker, who was licensed as a mental health practitioner and has a background in forensic psychology, perform an evaluation of the Defendant in order to determine if the Defendant had any mental health issues as it related to the case. Ms. Dietsch testified that based on the evaluation of the social worker, there was no good faith basis to pursue an insanity defense. Moreover, Ms. Dietsch testified that the Defendant was able to assist with the preparation of the defense, communicated during trial, provided helpful information during trial, and understood what was occurring during trial. Therefore, Ms. Dietsch did not feel that there was any issue with regard to the Defendant's competency.
>
> The Court finds, based on the testimony presented during the September 5, 2002, evidentiary hearing, that trial counsel was not ineffective with regard to ground 10 of Defendant's Motion. Due to the fact that there was no good faith basis for trial counsel to conclude that the Defendant was incompetent or that the Defendant was insane at the time he committed the offense, there was no deficient conduct on the part of trial counsel. Trial counsel investigated Defendant's claims fully and proceeded in an

effective manner with regard to the Defendant's representation. As such, no relief is warranted as to ground 10 of Defendant's Motion.

In his Motion for Rehearing, Defendant requests that the Court grant ground 10 of his Motion because he allegedly informed trial counsel that he wanted to enter an insanity defense before trial. However, whether or not the Defendant wanted to enter an insanity defense, as set forth above, there was no basis for an insanity defense. Therefore, the Defendant's desires to plead insanity were not supported and were irrelevant. As such, no relief is warranted as to Defendant's Motion for Rehearing.

Cargile presents no basis for rejecting the state court's factual findings that (1) "there was no good faith basis for trial counsel to conclude that the Defendant was incompetent," (2) "there was no good faith basis to conclude that . . . the Defendant was insane at the time he committed the offense," and (3) "there was no basis for an insanity defense." Cargile presents no argument that the state court unreasonably determined the facts. Consequently, because as insanity defense is not supportable, the state court correctly determined that trial counsel's performance was not deficient.

Accordingly, Cargile's petition for the writ of habeas corpus (Doc. 1) is **DENIED**. The clerk shall enter a judgment against Cargile and close this case.

ORDERED in Tampa, Florida, on January 30, 2009.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE